[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a hotly contested dissolution action involving a marriage which was almost 21 years old at the time of trial. There are two minor children issue of the marriage.
The court finds that the jurisdictional requirements have been met and that the marriage has broken down irretrievably. The marriage is dissolved and the parties shall have joint custody of the two minor children. Their primary residence shall be with the plaintiff wife and the defendant husband shall have liberal visitation.
The court heard extensive testimony over several days and the parties submitted voluminous briefs, prayers for relief, reply memoranda, and written argument (from the defendant). All of this has been considered by the court in the light of Sections 46b-81 
82 of the Connecticut General Statutes.
With respect to the prayers for relief, the court notes that a comparison of the plaintiff's prayers with the March 12, 1991 revised "claims for relief" of the defendant reflect what a deplorable waste of time, effort and money this case represents. After a mistrial on the first trial, voluminous pleadings and discovery, depositions and this trial, the only significant asset in dispute is the defendant's pension plan. There are other minor differences, but combined they would not justify the kind of legal brawl this case became.
Out of deference to the personal privacy of the parties, the court will not discuss in this memorandum its perception of the CT Page 3713 cause of the breakdown of the marriage.
The court finds that the following represents a fair and equitable distribution of assets:
 1. The defendant is ordered to quit-claim to the plaintiff all of his right, title and interest in and to the real property located at and known as 40 Mountain Brook Road, North Haven. She will be responsible for the payment of the first mortgage and will hold the defendant harmless thereon.
 2. The plaintiff is ordered to quit-claim to the defendant all of her right, title and interest in and to the real properties located at and known as 160 Foster Street, New Haven and the summer cottage at Lanphier's Cove, Branford. He, in turn will be responsible for the payment of the first mortgage on Foster Street. Inasmuch as the purchase of the Branford cottage was financed by a home equity loan on Mountain Brook Road property, that loan shall be the responsibility of the defendant and the lien of said debt shall be removed from the property on or before September 1, 1991.
 3. Each party should retain his or her personal property. The wife shall retain ownership of all the personal property in the marital residence. The husband shall retain ownership of all the personal property presently in the Foster Street and Lanphier's Cove real property. The parties shall also retain the motor vehicles and boats they presently possess.
 4. The plaintiff is awarded one-half of the defendant's pension benefit percentage earned during the marriage. This excludes and leaves to the defendant the share earned prior to the marriage. Thus, the court adopts the plaintiff's computation of 20% of the highest average three years of compensation prior to the age of 55, plus her share of cost of living adjustments. Counsel for the plaintiff will submit a proposed qualified court order for approval. CT Page 3714
 5. The defendant shall retain as his own the Avnet stock and the Power King stock along with all of the personalty owned by Power King. The Zygo and ITT stock shall be divided equally between the parties.
Of the remaining issues to be addressed, alimony and support are the most difficult. The defendant would like the tax benefit to be derived from labelling these payments "unallocated". However, his proposal does not appear to recognize an alimony component and he would take his computation based on the support guidelines and have it ordered as unallocated alimony and support.
The court finds the following to be appropriate with respect to alimony, support and miscellaneous matters:
1. The defendant shall pay to the plaintiff as unallocated alimony and support the following:
(a) $26,000. a year payable in equal weekly installments of $500. per week until the youngest child reaches the age of majority and continuing in the same amount as alimony until December 31, 1993;
(b) Beginning on January 1, 1994, $13,000. per year payable in equal weekly installments of $250. per week.
(c) Such payments of unallocated alimony and support and alimony would terminate upon the remarriage of the wife, the death of the wife or the death of the husband, except that any- child still a minor at the plaintiff's remarriage would have the right to child support.
(d) Pursuant to Connecticut General Statutes 46b-86
(a), the Court finds that in granting the unallocated alimony and support set forth above, it contemplates that Christine Puleo would reach the age of 18 on January 2, 1992 and that Joseph Jason Puleo would reach the age of 18 on January 15, 1993 and the occurrence of these events shall not be grounds for modification of the award of unallocated alimony and support. Further, the court finds that the full-time employment of the Wife in September of 1992 at an annual compensation level of up to $30,000. was contemplated by the court and such circumstance should not be the ground for modification of the award of unallocated alimony and support or alimony.
(e) A contingent wage execution is ordered in effect.
2. The plaintiff shall claim the two children as dependents on her tax returns. CT Page 3715
3. The defendant is ordered to maintain $250,000 in term life insurance with the plaintiff designated as the beneficiary. Such life insurance should be maintained until December 31, 1993. Thereafter, the defendant shall maintain $125,000 of life insurance with the plaintiff as the sole beneficiary, to be maintained as long as she is receiving alimony.
4. The defendant should maintain health and dental insurance of the type he currently has through his employment and continue to provide coverage for the minor children. He shall also pay any uninsured medical or dental expenses of the minor children. Section 46b-84c shall apply to this provision.
5. In addition to the liabilities to be assumed by the parties pursuant to the property awards, the defendant shall be responsible for the loan on his automobile, for the Mastercard liability which was incurred prior to the date of the separation of the parties and the real property taxes, including interest and penalties, on the North Haven property due July 1990 and January 1991, and one-half the real property taxes on the North Haven property due July 1991. The defendant shall also be responsible for the liabilities listed on his financial affidavit and the plaintiff shall be responsible for the remaining liabilities listed on her affidavit.
6. The defendant shall pay to the plaintiff the amount of $25,000. towards the legal fees she has incurred with respect to this dissolution of marriage action. Twelve thousand five hundred dollars ($12,500) shall be payable within 60 days of the dissolution of the marriage, with the remainder paid within one year of the date of this decision.
7. The defendant, at his own expense, may have the marital residence professionally retested for the presence of radon gas. On or before August 1, 1991, the defendant will arrange for and pay the reasonable expense to bring any radon gas to safe levels, retesting in after the repairs are complete, and shall then repair the crack in the foundation of the marital residence.
8. Each party shall cooperate to the extent necessary to implement these orders and shall execute such documents as may be necessary.
Anthony V. DeMayo, Judge